John Bennett May, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

420 S.W.2d 647.

(*Nashville*, December Term, 1966.)

Opinion filed October 20, 1967.

James Tyre Havron and John K. Kyle, Nashville, for plaintiff in error.

George F. McCanless, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, for defendant in error. Thomas H. Shriver, District Attorney

General, Nashville, prosecuted the case for the State in the trial court.

Mr. Justice Creson delivered the opinion of the Court.

The parties will be referred to as they appeared in the trial court; that is, plaintiff in error John Bennett May as defendant and defendant in error as the State.

This appeal comes from the Criminal Court of Davidson County. The defendant was indicted for murder in the first degree. After an extensive trial, he was convicted of voluntary manslaughter, on March 3, 1967. At the time of the homicide, both the defendant and the deceased, Hugh Lee Bunch, were inmates of the State Penitentiary at Nashville, and occupied the same cell.

On May 9, 1966, they engaged in a fight in their cell and, during the fight, May stabbed Bunch numerous times, resulting in Bunch's death. After presentation of the evidence, the jury found the defendant guilty of voluntary manslaughter and assessed his punishment at confinement in the State Penitentiary for a period of not more than ten years, commencing at the expiration of the sentence the defendant was presently serving. The verdict of the jury was approved by the trial court. The de-

fendant moved for new trial. This motion for new trial was overruled and an appeal was perfected to this Court.

The defendant's assignments of error, so far as necessary to be considered by this Court, are to the effect that the evidence preponderated against the verdict, that there was no evidence to support the verdict, and that the verdict is inconsistent with the law applicable to the case.

Basically, the defendant contends that all the evidence points to the ultimate fact that his actions constituted justifiable homicide, in that he was acting, throughout, in self-defense. The statutes of this State provide that a person may make sufficient resistance to prevent an offense against his person. T.C.A. sec. 38-102. The defendant did present evidence on which this defense could have been sustained by the jury. His own testimony revealed that he was the subject of an initial attack by the deceased, who was armed with a knife. His testimony also indicated that he had no motive to attack Bunch, but there was reason for Bunch to be angry enough to attack the defendant.

Further, testimony by a prison work supervisor was that May had no opportunity during the day in question to obtain a knife on the job. This supervisor also testified that May had been subjected to four ''shakedowns'' that day, and that these searches did not reveal any weapon on May's person.

■ The State admits that the defense of self-defense might have been available to the defendant; but the State insists that such defense was disproved by the defendant's conduct during the fight and after the prison guard had stopped it. The State argues that the danger of death or great bodily harm to the defendant ceased to exist substantially before the guard wrestled the defend-

ant away from the deceased. Implicit in this argument is the well settled law of homicide that one cannot go further than is reasonably necessary in defense of his person. In other words, the right to kill in self-defense begins where the necessity begins and ends where the necessity ends.

The authorities are in agreement on the limitation to a claim of self-defense:

> "After the peril to the victim has passed, as in the case when he has disarmed the original aggressor, and he then proceeds to beat the original aggressor to death, the victim cannot claim a killing in self defense, since the necessity for killing did not exist at the time the killing occurred." 1 Wharton's Criminal Law and Procedure, sec. 214 (1957).

In *Nance v. State* (1962) 210 Tenn. 328, 358 S.W.2d 327, the defendant shot the deceased twice, inside a building, and then followed him to the rear of such building and fired a third shot into the head of the deceased. The court held that the defendant could not maintain self-defense as exonerating him from this homicide, because the necessary element of justifiable apprehension of death or great bodily harm was absent when the fatal shot was fired.

■ Evidence was introduced at the trial that the defendant stabbed the deceased numerous times with a knife. Also, it was shown that after being pulled off of the deceased by the prison guard, May was still quite belligerent and vengeful. The record is clear that, had the guards not restrained him, he would have attacked Bunch again. Thus, the evidence presented at the trial

created the issue of whether self-defense would excuse the defendant's actions, in the instant case.

It seems to be that it was within the province of the jury to settle this issue. The jury was in a position to weigh all of the evidence and the credibility of the witnesses. The jury decided the issue in favor of the State's theory. This Court cannot say that the evidence preponderates against that finding. *Arterburn v. State* (1965) 216 Tenn. 240, 391 S.W.2d 648.

In this situation, the defendant has not carried the burden of showing that the evidence preponderates against the verdict of guilty, and in favor of his innocence, which he is required to do on appeal. *Cooper v. State*. (1909) 123 Tenn. 37, 138 S.W. 826; *Holt v. State* (1962) 210 Tenn. 188, 357 S.W.2d 57; *McBee v. State* (1963) 213 Tenn. 15, 372 S.W.2d 173.

Finding no merit in defendant's assignments of error, the judgment of the trial court is affirmed; and the costs of this appeal are assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.