## J. B. KING, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Sept. 4, 1968.

Certiorari Denied by Supreme Court Oct. 7, 1968.

138

E. R. Mynatt, W. E. Badgett, Knoxville, Tenn., for plaintiff in error.

George F. McCanless, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Tenn., Clarence E. Blackburn, Dist. Atty. Gen., Charles D. Susano, Jr., Asst. Dist. Atty. Gen., Ray E. Cate, B. R. McGee, Sp. Prosecutors, Knoxville, Tenn., for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, J. B. King, was convicted in Knox County Criminal Court of assault with intent to commit murder in the second degree and sentenced to one to five years in the penitentiary. His motion for a new trial being overruled, he has appealed to this court, assigning as error that:

(1) He was denied his right to a speedy trial as guaranteed by the state and federal constitutions; and

(2) There is no evidence to support the verdict.

The defendant was arrested at about 10:00 P.M., November 14, 1964, for shooting one Glenn Rose. On March 25, 1966, he was indicted for assault with intent to commit murder in the first degree. His trial was held on March 20 and 21, 1967.

When the case was called for trial on March 20, 1967, the defendant, through his counsel, moved to dismiss the case because he had not had a speedy trial as guaranteed by the state and federal constitutions. This was the first objection to the delay of the defendant's trial. At least one continuance was on the defendant's application.

■ An accused cannot claim that he has been denied the right to a speedy trial when he acquiesced in or requested the delay. See Raine v. State, 143 Tenn. 168, 226 S.W. 189; State ex rel. Underwood v. Brown, 193 Tenn. 113, 244 S.W.2d 168; Wright v. State, 218 Tenn. 610, 405 S.W.2d 177.

■ The guaranty of the Sixth Amendment to the United States Constitution is made applicable to the states through the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.E.2d 1 (1967).

The defendant relies on Hanrahan v. United States, 121 U.S.App.D.C. 134, 348 F.2d 363 (1965). In that case, the appellant was convicted five years after he was accused and almost four years after he was first charged with the offense; he made repeated and persistent attempts to obtain a speedy trial; the case was remanded to determine whether or not any of his rights were violated under the federal constitution or the Federal Rules of Criminal Procedure.

■ In the case before us, the defendant made no objection until the day of the trial. Rose was in the hospital for thirty-one days after the shooting and returned there several times before the indictment. While the

indictment was not returned until about sixteen months after his arrest, the defendant requested a continuance and acquiesced in the delay after indictment. 5 Wharton's Criminal Law and Procedure, Sec. 1912.1, (1968 Supplement) says:

"(I)t is generally held that the defendant is not entitled to a discharge for delay in bringing him to trial unless he resisted postponement, demanded a trial, or made some effort to procure a speedier trial than the state accorded him."

Neither the constitutional inhibition against delay, Article 1, Section 9, Constitution of the State of Tennessee, nor the Sixth Amendment of the United States Constitution was violated under the facts of this case. This assignment is overruled.

Glenn Rose operated a beer tavern on Chapman Highway in Knox County. The defendant and several friends had been there for beer before and after a football game. On the second occasion, Claude Luttrell, one of the defendant's party, and two patrons were involved in an argument, during which another of defendant's friends (Bob Moore) intervened. Mr. Rose ordered the participants in the argument to leave. The defendant left with his friends, although he was not requested to leave. Moore, Luttrell and the defendant returned in about twenty minutes. They resumed arguing and were again told to leave. They did so after purchasing a package of beer. The defendant and Moore threatened to return as they left.

At about 9:40 P.M. the defendant and his two friends returned. The defendant and Luttrell sat at stools at

opposite ends of the bar. Moore remained in the center of the tavern floor. The State's proof shows that Moore had a knife; this is disputed by the defense.

Rose came from behind the counter with a nightstick and struck Moore on the head and held him. The knife fell to the floor and under a record player. The defendant jumped from his stool and shot Rose in the stomach with a .22 caliber pistol which he had bought from Rose that morning. Rose places the distance between them at twenty feet, another witness at ten to fifteen feet and the defendant at six feet.

From the evidence in this case, it was the province of the jury to settle the issue of self-defense. The jury saw and heard the witnesses and passed upon their credibility. The jury decided the issue in favor of the State's theory, and this court cannot say that the evidence preponderates against that finding. Arterburn v. State, 216 Tenn. 240, 391 S.W.2d 648; May v. State, 220 Tenn. 541, 420 S.W.2d 647.

The defendant has not carried the burden of showing that the evidence preponderates against the verdict of guilty and in favor of his innocence, which he is required to do on appeal. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700.

It therefore follows that the assignments of error are overruled and the judgment of the trial court is affirmed.

OLIVER and GILLIAM, JJ., concur.