JAMES GORDON ALLEN, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

454 S.W.2d 171.

Court of Criminal Appeals of Tennessee. Jan. 7, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

William H. Bryson, Woodbury, for plaintiff in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Wiley J. Holloway, Dist. Atty. Gen., Murfreesboro, J. Barrett Melton, Jr., Asst. Dist. Atty. Gen., Woodbury, for defendant in error.

## OPINION

HYDER, Judge.

James Gordon Allen was convicted of involuntary manslaughter and sentenced to a term of one to three years in the penitentiary. His appeal is now before this Court.

The defendant was indicted by the Grand Jury of Cannon County for the offense of murder in the first degree. It is not disputed that he shot his nineteen year old son, James Leonard Allen, on March 18, 1968, and that the son died about one month later. Defendant lived with his wife and four children in Auburntown, Tennessee, and he worked in Murfreesboro. During the afternoon of this homicide, after the defendant came home from work, he and the deceased had a scuffle or fight on the front porch of the home. Mrs. Allen admonished them to stop fighting and they complied. The defendant came back into the house and went immediately to his bedroom. The deceased and his mother both went to the bedroom, following the defendant, and the defendant fired two shots from an automatic pistol which he kept under the pillow on his bed.

The only real difference on the testimony of the defendant and that of Mrs. Allen concerns what happened

immediately before the shots were fired. Mrs. Allen said that the deceased was shot without any provocation as he started in the bedroom and that she was just behind him. The defendant testified that he was exhausted after the fight, that he went into his bedroom to sit down and get his breath, and that the deceased came in and told him he was going to kill him before he left. The defendant contends that he fired the shots in self defense. Only one shot struck the deceased and it is abundantly clear that this was the cause of death.

Three assignments of error have been filed along with the defendant's brief and argument. They contend:

"1. There is no evidence to support the verdict of the jury.

2. The verdict of the jury is contrary to the weight of the evidence.

3. The evidence does not support a conviction of involuntary manslaughter."

■ ■ The benefit of the law of self defense is available when a person has a genuine and well founded fear that he is in danger of death or great bodily harm. Rippy v. State, 39 Tenn. 217. Whether or not the defendant was justified, under the law of self defense, in shooting his son was a question of fact to be determined by the jury. Cathey v. State, 191 Tenn. 617, 235 S.W.2d 601; May v. State, 220 Tenn. 541, 420 S.W.2d 647.

In his brief and argument the defendant cites and relies upon Bitner v. State, 130 Tenn. 144, 169 S.W. 565, where the Supreme Court said:

"Where great bodily violence is being inflicted, or

threatened, upon a person, by one much stronger and heavier, with such determined energy that the person assaulted may reasonably apprehend death or great bodily injury, he is justifiable in using a deadly weapon upon his assailant. It makes no difference whether the bodily violence is being, or about to be, inflicted with a club, or a rock, or with the fists of an overpowering adversary of superior strength and size."

The evidence shows that the defendant and the deceased were approximately the same height, and the deceased weighed a little more than the defendant. While the defendant does say that the deceased told him he was going to kill him, this is contradicted by Mrs. Allen and by George Allen, a brother of the deceased. Even the testimony by the defendant of the events immediately prior to his firing the shots does not cause us to believe that his alleged fear of death or great bodily harm was well founded.

In reviewing the evidence under the defendant's assignments of error, we are bound by the rule, stated in practically every opinion involving criminal convictions in this State, that a jury's verdict of guilt, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in the evidence in favor of and establishes the State's theory of the case. The presumption of innocence accorded a defendant disappears after such a verdict, and it is replaced by a presumption of guilt. The burden of showing, upon appeal, that the evidence preponderates against the verdict and in favor of innocence is then upon the defendant. The verdict will be disturbed on the facts only if the defendant shows that the evidence clearly preponderates

against the verdict of guilty and in favor of the innocence of the accused. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Patterson v. State, 218 Tenn. 80, 400 S.W. 2d 743; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485.

The trial judge and jury saw the witnesses face to face, heard them testify, and observed their demeanor on the stand, and they were in a much better position than we are to determine the weight to be given to their testimony. Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523.

■ The defendant has simply failed to show that the evidence preponderates against his guilt and in favor of his innocence. We feel that the record does not support his theory of self defense.

In his last assignment of error the defendant contends that the evidence does not support a conviction of involuntary manslaughter. On direct examination the defendant testified that he did not intend to shot his son:

"Q. Did you shoot him on purpose?

A. No, sir, I didn't."

This could have caused the jury to reduce the offense to involuntary manslaughter.

■ We have read this record carefully, and studied the briefs, and we are of the opinion that the facts would justify and sustain a finding of guilt of murder in the second degree, or of voluntary manslaughter. By finding guilt of involuntary manslaughter, a lesser offense included in murder in the first degree, it is apparent that the defendant has not been prejudiced. Moody v. State,

159 Tenn. 245, 17 S.W.2d 919; 24B C.J.S. Criminal Law § 1941. We do not feel that there is any merit to this assignment.

We overrule all assignments of error, and, finding the judgment correct and proper, we affirm the trial court.

We appreciate the able work by counsel appointed to represent this defendant. We are confident that his excellent services were influential in the favorable verdict to the defendant.

RUSSELL and MITCHELL, JJ., concur.