JOE JAMES DEZARNE, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.—470 S.W.2d 25.

May 24, 1971.

Certiorari Denied by Supreme Court August 16, 1971.

B. C. McInturff, Kingsport, for plaintiff in error.

David M. Pack, Attorney General, Charles W. Cherry, Assistant Attorney General, Nashville, Carl K. Kirkpatrick, District Attorney General, Blountville, for defendant in error.

DWYER, J.  In the Criminal Court of Sullivan County in Blountville, Joe James Dezarne was convicted by a jury, with judgment pronounced thereon, of committing the offense of murder in the first degree with confinement affixed at forty years in the State Penitentiary.

This is the second conviction for committing this offense levied upon Dezarne. The first conviction for committing this homicide, on appeal the judgment was set aside and the cause remanded for a new trial in an opinion by Judge W. Wayne Oliver released on November 4, 1969, at Knoxville.

Able and conscientious court-appointed counsel in this records assigns error in his appeal to void the judgment as entered, as being had contrary to law.

We will briefly narrate the facts as revealed to us by our reading of the record in this cause.

On August 10, 1967, on Saratoga Road in Sullivan County, Dezarne with à .12 gauge shotgun shot and killed the deceased Sammy Morelock. The full force of the shot struck deceased in the back of the head on the left side which wound caused a massive hemorrhage resulting in death.

The deceased and defendant, who were cousins, had been together prior to the slaying on that date. It is not clear when but some time prior to the homicide the two had become separated and Dezarne had been involved in a fracas. The record further reflects the two had been involved in a fight months prior in which deceased had cut the defendant.

A witness testified that Dezarne, armed with a shotgun, came into his yard on Saratoga Road and told him that Sammy had cut him at the store a while ago. The proof then developed that the deceased drove by in an automobile and then came back by stopping in front of the witness's home. The defendant then stated, ''I'm going to kill him—going to kill that s. o. b.,'' advancing to the car inquiring why he had left him. The defendant pointed the shotgun in the car, the driver slipped down in the seat and the deceased exited from the passenger's side ducking down alongside the car. There then ensued statements from defendant that deceased had cut him and had a knife. The deceased, dodging from one side of the car to the other, denied having a knife, stood up, turning his pockets inside out and stated, ''I'm coming out. Shoot if you're going to shoot.'' He then turned and started walking to his home which was nearby. The defendant then pointed the shotgun and stated, ''I'm going to kill you,'' firing the fatal shot.

The defendant was arrested later in the evening and when surrendering the shotgun stated, ''I shot him.'' See Ballard v. State, Tenn.Cr.App., 454 S.W.2d 193.

At police headquarters a written statement was taken from the defendant in which he admitted to shooting the deceased when he saw him walk from behind the car with a knife in his hand. The record further reflects that after the statement an officer who had been to the hospital told the senior investigating officer that deceased was still alive. This statement was made in the presence of the defendant and he was told if deceased died he would, instead of being charged with felonious assault, be charged

with murder. The defendant stated, "I hope it's murder." At headquarters the officer noted that defendant had an abrasion on his face but no laceration was evident.

■ The defendant first contends that the verdict preponderates against his guilt and in favor of his innocence. He supports this contention on the assertion that because of intoxication the element of first degree murder, premeditation, is lacking. The record does not support this contention. There is ample proof in the record that defendant may have had a drink but a number of witnesses testified he was not drunk and did not appear to be drunk. Intoxication may only be looked to for the purpose of determining whether the mind of the accused was capable of premeditation and deliberateness. See Atkins v. State, 119 Tenn. 458, 105 S.W. 353; Jackson v. State, 180 Tenn. 158, 172 S.W.2d 821. The proof clearly shows the elements of first degree murder are present in this record under the facts and circumstances accredited by the jury's verdict.

The next assertion that the verdict is contrary to the evidence is premised on the proposition that self-defense was established by evidence showing prior difficulties between the two and bad character of the deceased and that deceased was wielding a knife at the time of the encounter. The defense of self-defense is bottomed on the factual situation which has been developed in the record. The facts and circumstances so developed fall within the province of the jury, which in this record they have by their verdict repudiated the contention of the defendant. The defense of self-defense is not evident from our review of the facts. He has not carried the preponderance

necessary to remove the presumption of guilt that he is under in this court. See Cooper v. State, 123 Tenn. 37, 138 S.W. 826; May v. State, 220 Tenn. 541, 420 S.W.2d 647. The assignments pertaining thereto are accordingly overruled.

The defendant next contends the trial court erred by refusing to charge special requests submitted pertaining to intoxication and its effect on premeditation, self-defense and the receiving of rebuttal testimony. We have viewed the charge as given by the trial court. It adequately and fully covers the law of self-defense; it clearly, adequately and concisely instructs the jury on the effect of intoxication; and it amply covers how a jury should weigh the testimony when there are conflicts and discrepancies to be found in the record from the testimony of the witnesses. When the charge as given fully, accurately, and adequately covers the requested instructions it is not error for the court to refuse the request. See Bostick v. State, 210 Tenn. 620, 360 S.W.2d 472. The assignments pertaining thereto are accordingly overruled.

The defendant next contends the trial court erred in permitting the State to use his testimony at the former trial in order to impeach in rebuttal one of the defendant's witnesses. This appears to be a question of first impression in this State. At the trial a witness for the defense testified that minutes prior to the fatal meeting defendant had told her the deceased had cut him earlier that day in a fight. A witness was called in rebuttal by the State who rebutted this witness's testimony by testifying deceased was not involved in the fight which was in

question. Also, in rebuttal the State called one of the investigating officers and propounded questions to the officers quoting from the transcript of the prior trial testimony given by the defendant, which testimony repudiated that he had been cut in the fight. The defendant did not choose to testify in this trial and because of this he asserts that this was a violation of defendant's guarantees in both constitutions of the self-incrimination clause, in that he was compelled unconstitutionally to give evidence against himself in this trial. It appears defendant made a free choice to testify and did at the prior trial. He was under oath and represented by counsel. He waived by testifying at the prior trial his constitutional guarantees against self-incrimination. This testimony then may be used at a subsequent trial in which he does not testify.

We hold therefore it was not error for the State to use the testimony of the defendant at the prior trial to rebut the testimony of the witness called by the defense in this trial. See State v. Farrell, 223 N.C. 804, 28 S.E.2d 560; Edmonds v. United States, 106 U.S.App.D.C. 373, 273 F.2d 108; Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047. The assignment is accordingly overruled.

■■ He further contends that the rebuttal witnesses should have been called in-chief and not rebuttal. The admission or rejection of rebuttal testimony and the control of the order of proof are matters necessarily in the discretion of the trial court. See Turner v. State, 188 Tenn. 312, 325, 219 S.W.2d 188; Nichols v. State, 200 Tenn. 65, 289 S.W.2d 849; Essary v. State, 210 Tenn.

220, 357 S.W.2d 342. We find no abuse in that discretion by permitting the investigating officer to testify in rebuttal. The assignment is accordingly overruled.

■ The defendant lastly contends the statement that he hoped the charge would be murder was admitted contra to the Miranda v. Arizona, 348 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 standards. We note from a reading of *Miranda* that this does not prohibit volunteered statements. We note that when the written statement was sought to be introduced the defendant objected and the statement was withdrawn by the State. On cross-examination the statement, exculpatory in nature, was introduced into evidence by the defense. We further note that the defendant, when being warned of his rights, interrupted the investigating officer and told him that he knew about that. When the statement was introduced by the defense it contained in its caption that defendant was aware of his right to be silent, his right not to incriminate himself in any manner and the right to counsel prior to making any statement and that he waived any and all his rights in making the statement which he signed. The statement, as related, was exculpatory in that the defendant related he shot deceased when he came out from behind the car with a knife in his hand. As we view this record, it was to the defense's advantage for the statement to be admitted, in that it supported defendant's theory of the fatal meeting. We relate the following in order to bring into focus the statement, ''I hope it's murder,'' which was made by the defendant shortly after the written statement was given. Under the totality of the circumstances rule, see State v. Morris, 224 Tenn. 437, 456 S.W.2d 840, we hold that the statement as made was

volunteered and competent. The assignment is accordingly overruled.

The judgment of the trial court is affirmed with modifications relieving defendant of the disfranchisement part of the judgment, as murder is not one of the crimes enumerated in T.C.A. 40-2712.

We commend court-appointed counsel for the fine, thorough representation he has accorded indigent accused.

Oliver and O'Brien, JJ., concur.