**Alex SMITH, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Jan. 16, 1973.

Certiorari Denied by Supreme Court
May 7, 1973.

James T. DuBois, Columbia, for plaintiff in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, M. A. Peebles, Dist. Atty. Gen., Columbia, for defendant in error.

OPINION

O'BRIEN, Judge.

The one assignment of error made on this appeal from a jury verdict and conviction for murder in the first degree with imprisonment fixed at twenty years and one day in the Penitentiary challenges the rejection of a requested instruction to the jury submitted by defendant, which was as follows:

"Where the defendant has suspicion of extramarital conduct between his wife and deceased for several months and had received word of this conduct approximately two hours before the homicide, defendant had adequate provocation for aroused passions so great as to obscure his reason and such conclusion was not rebutted that the defendant engaged in casual and calm conversation with another just prior to the homicide."

The requested instruction is not included in the Bill of Exceptions and were it not mentioned therein we could not consider it. Koehn v. Hooper, 193 Tenn. 417, 246 S. W.2d 68; Fonte v. State, 213 Tenn. 204, 373 S.W.2d 445; Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743. However, it appears in the Bill of Exceptions that the special request was submitted and refused by the trial judge, and we elect to dispose of the matter on its merits.

The language of the requested charge has been taken from the opinion in Whitsett v. State, 201 Tenn. 317, 299 S.W.2d 2. *Whitsett* did not involve a requested instruction to the jury and we need mention it no further except to say that the facts in this case in no way fit into the mold of the circumstances upon which the decision in that case was based.

The trial court gave a full and adequate charge on all of the various degrees of homicide and the necessary elements of each which the jury would be required to find in order to sustain a conviction. The charge included a full definition of premeditation as well as that sudden impulse of passion, and adequate provocation, which would reduce the charge from one of murder in the first degree to a lesser degree of homicide and also a detailed account of the theory upon which the defense was based.

The State's brief correctly cites authority to the effect that where the matter contained in a special request is fully covered in the Judge's general charge to the jury by instructions which were correct, it is not error for the trial court to refuse the request. The only factual basis for the requested instruction was the defendant's uncorroborated testimony in regard to his suspicion of his wife's infidelity. The general charge given by the trial court was full, fair and complete. The assignment must be overruled. Bostick v. State, 210 Tenn. 620, 360 S.W.2d 472; Freshwater v. State, 2 Tenn.Cr.App. 314, 453 S.W.2d 446; and Dezarne v. State, Tenn.Crim. App., 470 S.W.2d 25.

The judgment of the trial court is affirmed.

OLIVER, J., concurs.

GALBREATH, Judge (dissenting).

Although not technically assigned as error, it is urged throughout plaintiff in error's brief that the evidence does not support the verdict of the jury finding the defendant guilty of first degree murder. I agree.

The only explanation appearing in the record for the stabbing death of the defendant's wife of more than six years is that he had strongly suspected her of having illicit relations with other men for some while and finally confirmed his suspicions which motivated the killing. In his unrebutted testimony the defendant told of occasions when his wife would remain away from home until late evening or early morning hours and refuse to tell him where she had been. The parties separated a few days prior to the slaying, the wife moving in with her grandmother. Accosting the victim as she arrived at her grandmother's home shortly after 1 A.M. following an unexplained evening absence from her children, the defendant accused her of having been with some man; and she, according to the defendant's interpretation of her words, admitted her infidelity for the first time, saying, "You got to catch me and him together and then it be up to you and him." At that the defendant fatally stabbed the victim with a pocketknife and wounded her grandmother who came out of the house.

The defendant had made previous threats to kill the deceased so that the jury could well have found the slaying intentional, but in my view the slaying was committed under such emotional stress as to reinforce the presumption of law that the slaying was murder in the second degree. Witt v. State, 46 Tenn. 5, 6 Cald. 5. Intent and premeditation are distinct and separate elements, and while an intent to kill may be conceived and exist under emotionally charged circumstances so as to support murder in the second degree, it is not until the emotions have cooled that the deliberateness of premeditation may be suggested.

Suffice it to say that I find the facts and circumstances of the crime described in the record supportive only of second de-

gree murder. This was a crime of passion. So seldom is a slaying brought about by the angers and frustrations engendered by the jealousy of one spouse over the misconduct, real or imagined, of the other premeditated and executed with a cool purpose that it is extremely difficult to find a reported case in which our Supreme Court has found a resulting homicide to be murder in the first degree. A reading of Davis v. State, 161 Tenn. 23, 28 S.W.2d 993, and of Whitsett v. State, 201 Tenn. 317, 299 S.W.2d 2, explains graphically the mental state that ordinarily is aroused when a husband becomes convinced of his wife's adultery. All of them are present in this case.

I cannot agree with the majority that the facts in this case are not such as would make the declared law of this State, as pronounced in Whitsett v. State, *supra*, as quoted in the majority opinion, binding here. Exactly the same emotionally charged motive was present in both cases. Each husband had become understandably suspicious of his wife's conduct. Both husbands were, shortly before the killings, made aware of facts that convinced them that their suspicions were founded in truth. The only difference materially is that Whitsett killed the person he was convinced was his wife's lover, while the defendant here killed, as did Othello, the direct object of his passion not out of hatred but because he "loved, not wisely, but too well." As *Whitsett* makes clear, passion usually brought about by the suppression of the natural emotions of anger produced by knowledge of the unfaithful conduct of a spouse is "the deepest and most powerful emotion." See Drye v. State, 181 Tenn. 637, 184 S.W.2d 10. As I see it, the instruction requested would have been of substantial guidance to the jury in this case since it, as did the facts here, dealt with the peculiar circumstances of homicide resulting from marital infidelity, while the general instructions given by the court did little to distinguish between this particular type of homicide and others.

I would set aside the verdict and judgment of guilt as to first degree murder and suggest a remittitur to second degree. For this reason I must dissent from the majority opinion.