Charles Glen LOVEDAY, Petitioner,

v.

Herman C. DAVIS, etc., et al.,
Respondents.

No. CIV–2–81–20.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 2, 1981.

Opinion on the Merits
Feb. 19, 1981.

Charles Glen Loveday, pro se.

Gordon W. Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The petitioner, Mr. Charles Glen Loveday, in the custody of the respondent-warden pursuant to the judgment of September 17, 1976 of the Criminal Court of Greene County, Tennessee, applied again to this Court for the federal writ of habeas corpus, claiming that he is held in violation of his right to due process of law, Constitution, Fourteenth Amendment. 28 U.S.C. § 2254(a). He claims the exhaustion of his remedies by available procedures under the law of Tennessee in its courts, by the presentation to them of the same questions he presents here. 28 U.S.C. §§ 2254(b), (c). Specifically, he complains of his conviction and its affirmance by the Tennessee courts on insufficient evidence (and the concomitant overruling of his motion for a new trial by the trial court) and the introduction against him at his trial of evidence of another offense.

Mr. Loveday claims he presented these same complaints to the state courts under the Tennessee Post-Conviction Act, T.C.A. §§ 40–3805, et seq., including his claim that the state of Tennessee had abridged his right to due process of law guaranteed him by the federal Constitution. *Charles Glen Loveday,* petitioner, v. *State of Tennessee,* respondent, no. 6244 in the Criminal Court of Greene County, Tennessee, affirmed in *Charles Glen Loveday,* appellant, v. *State of*

*Tennessee,* appellee, CCA No. 109 in the Court of Criminal Appeals of Tennessee.

There having been at the pertinent time a state remedy available to Mr. Loveday if there had been any deprivation of his federal due-process right, if there were adequate grounds for denying the applicant's claim under the federal Constitution, no further examination of that question is required now on the part of this Court, which will accord full weight to the decision of the state courts in that regard. *Brown v. Allen* (1953), 344 U.S. 443, 458, 73 S.Ct. 397, 407, 97 L.Ed. 469, 489 (headnote 5); *accord* (as to a Fourth Amendment claim): *Bradley v. Cowan,* C.A. 6th (1977), 561 F.2d 1213 (per Phillips, (then) C.J., concurring) at 1217–1218[3]. Decisions of our state courts on federal constitutional issues " * * * must be respected by federal district judges in processing habeas corpus applications pursuant to 28 USC § 2254. * * * " *Swain v. Pressley* (1977), 430 U.S. 372, 383, 97 S.Ct. 1224, 1230, 51 L.Ed.2d 411, 421[9].

As the respective opinions of the Criminal Court of Greene County, Tennessee and the Court of Criminal Appeals of Tennessee are required by this Court to determine whether there were adequate grounds for denying the applicant's federal due-process claim, the Attorney General and Reporter of Tennessee hereby is

DIRECTED to expand the record herein by the inclusion of those opinions (and any other material relevant to such an inquiry for determination of the merits of the instant petition, Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts, and to comply with the requirements of Rules 7(c), (d), thereof. All other matters hereby are

RESERVED.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

### Opinion on the Merits

The Attorney General and Reporter of Tennessee expanded the record herein with copies of the judgment and sentence and stay of sentencing of September 17, 1976, the motion for a new trial of October 18, 1976, the order of October 25, 1976 reinstating the aforementioned sentence along with the orders and sentence of November 16, 1976 in *State of Tennessee* versus *Charles Glen Loveday,* no. 4555 in the Criminal Court of Greene County, Tennessee; the opinion of July 6, 1977, affirming the judgment of conviction therein in *Charles Glen Loveday, et.al.,* appellants, v. *State of Tennessee,* appellee, no. 109 (Greene County) in the Court of Criminal Appeals of Tennessee (with concurring opinion); and the denial of October 17, 1977 of a petition for certiorari (concurring in the result only) in *Charles Glen Loveday, et al.,* petitioners, v. *State of Tennessee,* respondent, Green(e) Criminal, CCA no. 109 in the Supreme Court of Tennessee. He provided copies also of the petition for post-conviction relief of April 15, 1980 in *Charles Glen Loveday,* petitioner, v. *State of Tennessee,* respondent, civil no. 6244 in the Criminal Court of Greene County, Tennessee, the judgment thereon of April 16, 1980, and the affirmation of January 14, 1981 of such judgment in *State of Tennessee,* appellee, v. *Charles Glen Loveday,* appellant, no. 160 (Greene County) in the Court of Criminal Appeals of Tennessee. *See* memorandum opinion and order of February 2, 1981 herein, 559 F.Supp. 811–812.

In the course of the latter opinion, it was stated that the

" * * * issue of the sufficiency of the convicting evidence was clearly at issue * * * " when the " * * * Trial Court found as a matter of law that the issue presented had been previously determined * * *," and that " * * * The Court of Criminal Appeals, citing *McBee v. State,* [213 Tenn. 15], 372 S.W.(2d) 173 (Tenn.1963), explicitly found that it was unable to say that the evidence preponderated against the verdict of the jury, as it must [have] if that verdict [was] to be reversed. * * * "

"Defense counsel in the original trial and on appeal argued the sufficiency of the circumstantial evidence * * *."

"This Court's original panel considering Loveday's direct appeal found the evi-

dence sufficient to support his conviction of murder in the second degree. * * * "
*Ibid.*, at pages 1–2. The late Mr. Justice Weldon White, in *McBee, supra,* had observed *inter alia:*

■ It is well settled in this State that a conviction in a criminal case will not be reversed on the facts unless it is shown that the evidence preponderates against the verdict and in favor of the innocence of the accused. * * *

■ It is also well-settled in this State that the verdict of the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflict in favor of the theory of the State. Such verdict also removes the presumption of innocence of the accused and raises a presumption of his guilt and puts upon him, here, the burden of showing that the evidence preponderates against the verdict and in favor of his innocence. * * *

*McBee v. State, supra,* 213 Tenn. at 19, 20, 372 S.W.2d 173.

■ Nonetheless, " * * * a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim. * * * " *Jackson v. Virginia* (1979), 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560, 574[8b]. Where, as here, "the state courts have fully considered the issue of sufficiency, the task of a federal habeas court should not be difficult. * * * " *Ibid.*, 443 U.S. at 322, 99 S.Ct. at 2790, 61 L.Ed.2d at 575. " * * * The fact that a state appellate court invoked the proper standard * * *, although entitled to great weight, does not totally bar a properly presented claim of this type under [28 U.S.C.] § 2254." *Ibid.*, 443 U.S. at 322, n. 15, 99 S.Ct. at 2790, n. 15, 61 L.Ed.2d at 575, n. 15 [21b].

The state hearing judge in civil action no. 6344, *supra,* found specifically *inter alia:* " * * * Even if *Jackson v. Virginia* 1979 99 S.Ct. 2781, requires a different standard of review of the evidence by the trial court in post trial motions * * *, it is obvious from the record and the evidence in this case that any rational trier of facts would have reached the conclusion that the defendant [petitioner, here] was guilty of the murder for which he was convicted. * * * " The appellate courts of Tennessee were apparently in full agreement, and this Court also concurs.

■ The federal constitutional standard is that, unless it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt, the applicant is not entitled to habeas corpus relief, *ibid.*, 443 U.S. at 324, 99 S.Ct. at 2791, 61 L.Ed.2d at 576[2c], and this " * * * standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. * * * " *Ibid.*, 443 U.S. at 324, n. 16, 99 S.Ct. at 2792, n. 16, 61 L.Ed.2d at 577, n. 16[2b].

Tennessee law, as it existed prior to certain amendments which did not become effective until 1979, divided homicide into 2 classes—murder in the first degree and murder in the second degree. Murder in the first degree was then defined as the commission by an individual of a wilful, deliberate, malicious and premeditated killing or murder, or the commission of a wilful, deliberate, and malicious killing or murder when the victim is: an employee of the state department of corrections having custody of the actor; a prison-inmate in custody with the actor; known to the actor to be a peace officer or fireman acting in the course of his employment; a judge acting in the course of his official duties; a popularly-elected public official, or the offense is committed for hire, or the offense is committed while attempting to evade law-enforcement officials, or the individual hires another to commit a willful, deliberate, malicious or premeditated killing or murder, and such hiring causes the death of the victim, or an individual commits a wilful, deliberate, malicious killing or murder during the perpetration of any arson, rape, robbery, burglary, larceny, kidnapping, air-

craft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb. T.C.A. § 39–2402. Murder in the second degree was defined as all other kinds of murder. T.C.A. § 39–2403. The jury, before whom an offender is tried, is to ascertain by its verdict whether it is murder in the first degree or murder in the second degree, as shown by the facts. T.C.A. § 39–2404; *Edwards v. State* (1968), 221 Tenn. 60, 65–66[4], 424 S.W.2d 783.

Acting with "malice afterthought" is " * * * an indispensible ingredient of murder in the second degree. * * * " *Smith v. State* (1963), 212 Tenn. 510, 514[3], 370 S.W.2d 543. " * * * It may be express or implied. Express malice is where one, with a sedate and deliberate mind, and formed design, kills another; which formed design is evidenced by external circumstances discovering the inward intention—as lying in wait, antecedent menaces, former grudges, and concerted schemes to do him some bodily harm. * * * Malice is implied, when the act is committed deliberately, and is likely to be attended with dangerous consequences. In such cases, the malice requisite to commit murder, will be presumed; for the law implies that the natural or probable effect of an act deliberately done, is intended by its actors. * * * It is not, therefore, necessarily confined to an intention to take the life of the deceased; but it includes an intention to do any unlawful act, which may probably result in depriving the party of life. * * * " *Rainey Warren v. The State* (1867), 44 Tenn. 130, 135–136, cited in *Bailey v. State,* Cr.App.Tenn. (1972), 479 S.W.2d 829, 834[7]. " * * * [T]he fact of killing with a deadly weapon raises a presumption of malice in the absence of evidence to rebut this presumed fact. * * * " *Smith v. State, supra,* 212 Tenn. at 514[4], 370 S.W.2d 543.

■ A review of the previous findings in the light most favorable to the prosecution is convincing that a rational factfinder could readily have found the applicant Mr. Loveday guilty beyond a reasonable doubt of murder in the second degree under Tennessee law. He and one Mr. Donnie Hugh Tester were thus convicted in the death by means of a deadly weapon of Mr. Layton Morgan in the course of stabbing him in his chest and robbing him in Greene County, Tennessee.

There were no eyewitnesses to the crime, although witnesses were nearby at the time; they heard the squealing of automobile-tires and cries for help from along a rural roadway. These two witnesses saw an automobile fleeing the scene of the crime and were able to describe it as green in color and perhaps of Dodge-make.

Later in the same evening, Mr. James Doyle Shahan reported the theft from his home in Sevierville, Tennessee of several items of property. Later still the same evening, Messrs. Loveday and Tester were arrested in Sevierville, while in Mr. Loveday's Plymouth automobile, brown in color, on suspicion of driving while intoxicated and possessing, in violation of a local ordinance, an open beer-can. In plain view of the arresting officers in that automobile were the aforementioned stolen items, and they retrieved from Mr. Loveday a knife in arresting him.

The officers, with the consent of Mr. Loveday, thereupon made a search of his automobile, and several items of property belonging to the victim Mr. Morgan were discovered therein along with several additional items which had been stolen from the home of Mr. Shahan. The latter testified that, several days afterward, he discovered on his lawn a receipt of the Court of General Sessions of Greene County, Tennessee bearing the name of Mr. Morgan. Another witness testified also as to the finding on the road-route leading from the place his body was found toward Sevierville of a Social Security card, encased in plastic, made-out to Mr. Morgan.

■ The applicant claims also deprivation by the state of Tennessee of his federal right to due process of law by the introduction of evidence of the burglary of Mr. Shahan's home subsequent to the homicide of Mr. Morgan. Evidence connecting Mr. Loveday with the Shahan burglary was undoubtedly admissible against him on the

homicide charge under the evidentiary law of Tennessee. As the late Mr. Justice Felts said in a different context: " * * * We think the facts detailed by Mrs. Sneed [that the defendant had committed a subsequent offense after leaving her] were so connected with those of the crime on trial as to be part of one and the same transaction, that both were so related in time and circumstances that proof of one tended to elucidate and establish the other, and that upon this ground the testimony of Mrs. Sneed was admissible. * * * " *Carroll v. State* (1963), 212 Tenn. 464, 479[9], 370 S.W.2d 523.

Such evidence was described as " * * * relevant to prove his guilt of * * * " the crime charged in the indictment and for which the defendant was on trial. " * * * The test of relevancy is furnished not by law, but by logic and general experience. * * * " *Ibid.,* 212 Tenn. at 477[8], 370 S.W.2d 523. The Constitution, Fourteenth Amendment, Due Process Clause, leaves Tennessee " * * * free to adopt a rule of relevance which * * * " its courts have held was applied here " * * * in accordance with the State's law. * * * " *Lisenba v. California* (1941), 314 U.S. 219, 227–228, 62 S.Ct. 280, 285–286, 86 L.Ed. 166, 175 (headnote 6) (where testimony of another crime was admitted " * * * on the widely recognized principle that similar but disconnected acts may be shown to establish intent, design and system). * * * "

It appearing to this Court from the expanded record that an evidentiary hearing is not required herein, Rule 8, Rules Governing Section 2254 Cases in the United States District Courts, justice requires the denial of the applicant's petition. Accordingly, the petitioner hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed thereon without further authorization. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, which, as only a matter of law is implicated, will ISSUE. Rule 22(b), Federal Rules of Appellate Procedure.