**STATE of Tennessee, Appellee,**

v.

**William REYNOLDS, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 5, 1984.

Permission to Appeal Denied March 19, 1984.

L.L. Harrell, Jr., L.L. Harrell, Sr., Harrell & Harrell, Trenton, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Gordon W. Smith, Asst. State Atty. Gen., Nashville, Clayburn L. Peeples, Dist. Atty. Gen., A.H. Schoonover, Asst. Dist. Atty. Gen., Trenton, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of voluntary manslaughter and sentenced to serve not less than three years nor more than seven years. His application for a suspended sentence and probation was denied.

The defendant says the verdict is not supported by the evidence, says the trial court erred in failing to dismiss the charges against the defendant on the basis that it

was never proven that the defendant killed Joe Canada, or that Joe Canada was actually killed; says the trial court erred in refusing to grant the defendant's motion for a directed verdict in favor of the defendant on the charge of both first and second degree murder; says the trial court erred in refusing the defendant's request to charge the law of the state of Tennessee as it pertained to carrying a deadly weapon for the purpose of going armed; says the trial court erred in refusing to allow the defendant to introduce witnesses to testify as to the violent acts of Joe Canada toward themselves and other persons; says the trial court erred in limiting the number of character witnesses the defendant could present in open court to testify as to defendant's good character and as to the bad character of Joe Canada, and the number of witnesses to testify about the threats made by Joe Canada against the defendant; and says the trial court erred in refusing to grant the defendant's petition for suspended sentence and place him on probation.

The judgment is affirmed.

This case arose out of the interest the defendant and the deceased, Joe Canada, focused on one woman, an interest which culminated in a shoot-out on February 17, 1982. On the morning of that day, Canada had come to the home of the woman before noon. While he was present, the defendant called the woman, who told the defendant that Canada was present. Canada became angry about the call and left, and when the defendant again called, the woman told him to come "on over."

After the defendant arrived, Canada returned and remained outside the house. The defendant became angry and struck the woman, knocking her to the floor and kicking her. The defendant then went out into the yard. Canada fired several shots toward the house and the defendant. The defendant ran into the house and then back into the yard where he got a rifle out of his truck. Canada then fled across a roadway into a field. The defendant pursued the man into the field and shot him in the leg and in the head. The head wound was

fatal. The deceased had fled more than six hundred feet from the place where the altercation took place to where he was killed.

The defendant testified the deceased was firing at him as he ran across the field in pursuit and that he shot him to avoid being shot himself. The main thrust of the defendant's challenge to the sufficiency of the evidence is his claim that the evidence shows the defendant was acting in self-defense or in the defense of others at the time of the killing.

Whether the actions of an accused in killing his adversary were done in self-defense is for the jury to determine from the evidence in the case. *State v. Gilbert*, 612 S.W.2d 188 (Tenn.Cr.App. 1980). An accused may not rely upon self-defense if the evidence shows the initial aggressor has broken off the attack and the accused's life is no longer endangered. *See Nance v. State*, 210 Tenn. 328, 358 S.W.2d 327 (1962); *State v. Hargroves*, 104 Tenn. 112, 56 S.W. 857 (1900).

In this case, the evidence shows that Canada fled from the scene of the initial combat and that the defendant pursued him a significant distance before inflicting the fatal wound. The jury was justified in finding the defendant was not acting in self-defense at the time the fatal shot was fired.

The defendant further asserts the evidence fails to show the deceased to be the person alleged, in the indictment, to have been killed. This assertion is not borne out by the record. In a statement made by the defendant to the police, which was introduced by the state, the defendant said he shot the person named in the indictment, and the police officer removed from the corpse a wallet which contained a driver's license issued to the person who was named in the indictment as the person killed. This evidence is sufficient to identify the person who was killed and is sufficient to support the finding of guilt beyond a reasonable doubt.

The trial court did not commit error by refusing to direct a verdict of acquittal on the charges of first and second degree murder. At the close of the state's evidence and at the close of the defendant's evidence there was sufficient evidence from which the jury could have found the defendant guilty of murder in the first or second degree. The jury must determine the degree of homicide from the evidence introduced. *Edwards v. State*, 221 Tenn. 60, 424 S.W.2d 783 (1968). The trial judge properly left this for the jury to determine. Further, despite the defendant's claim to the contrary, when the jury has found the defendant guilty of a degree of homicide less than murder, no harm could have resulted from the action of the trial judge in denying the motion for acquittal on the greater offense.

The offense of carrying a dangerous weapon with the intent to go armed is not a lesser included offense of homicide. *See Grindstaff v. State*, 172 Tenn. 77, 110 S.W.2d 309 (1937). The trial judge properly refused to instruct the jury on this offense, as requested by the defendant.

The trial court would not permit the defendant to show in evidence specific acts of violence or threats of violence by the deceased toward third persons of which the defendant had no knowledge. The trial judge correctly excluded this evidence.

An accused who is relying upon self-defense may testify about specific acts of violence against third persons by the deceased if the defendant has been told of these. Only the defendant, however, may give this testimony, unless the state in rebuttal attempted to show such reports were not made to the accused. *Williams v. State*, 565 S.W.2d 503 (Tenn.1978). In this case the record does not show the witnesses whose testimony was excluded had communicated the threats or violent acts of the deceased to the defendant, and these witnesses were incompetent under *Williams* in any event to give the testimony. The defendant was able to show that the deceased had made threats to others to do the defendant harm, and these witnesses were allowed to testify about the threats and to testify they had communicated the threats to others. The defendant further testified he had had reports from others about the specific acts of violence by the defendant against third persons.

The trial court did not commit error in limiting the number of character witnesses called by the defendant. This is within the discretion of the trial judge. *Shields v. State*, 197 Tenn. 83, 270 S.W.2d 367 (1954). Three witnesses called by the defendant testified as to his good character. The defendant wished to call four others. The state did not attack the character of the defendant and we are of the opinion the trial judge did not abuse his discretion in not allowing these additional witnesses to testify.

The defendant insists the trial judge abused his discretion in denying the defendant a suspended sentence and in refusing to place him on probation. A hearing was conducted on the defendant's application for probation, and he was accorded all of the procedural rights set out in *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974). The trial judge considered the nature of this offense, the pursuit of the deceased into a field where he was shot down and killed, to be a sufficient factor in denying probation, and the trial judge considered it necessary as a matter of deterrence to deny probation. We find there is substantial evidence to support the action of the trial judge in denying probation, *State v. Grear*, 568 S.W.2d 285 (Tenn.1978), and we affirm the judgment thereon.

WALKER, P.J., and TATUM, J., concur.