STATE of Tennessee, Appellee,

v.

Stanley CRAWFORD, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

March 11, 1982.

Permission to Appeal Denied by Supreme Court June 21, 1982.

Brett B. Stein, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Rhona J. Cartwright, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Mike Hughes, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

The appellant-defendant, Stanley Lee Crawford, was convicted of larceny from

the person and received a penitentiary sentence of not less than three (3) years nor more than three (3) years. In this appeal, the defendant challenges the sufficiency of the evidence and contends that the State's cross-examination of one of his alibi witnesses violated the defendant's constitutional rights. We find no merit to either issue.

The State's evidence showed that at approximately 6:20 p. m. on February 9, 1981, the victim of the crime, Mrs. Evie May Payne, was on her way home after visiting a sick friend, at which time the defendant snatched her purse from her arm. Mrs. Payne positively identified the defendant as her assailant. She and the defendant were neighbors and she had known him for eight (8) or nine (9) years. Also, she had hired him on several occasions to do odd jobs for her.

When Officer Mike Wagoner came to the scene to investigate, Mrs. Payne told him she recognized her assailant to be a "boy she knew by the name of Ounce." She described her assailant as wearing a brown "flop-down" hat, a hospital surgical cap, a brown coat and "brown-looking pants." As the officer and Mrs. Payne were talking, the defendant's sister walked by, and the officer told her the police were looking for her brother. The sister relayed this information to the defendant, who returned to the scene and was arrested. The defendant was dressed in the manner described by Mrs. Payne, except that he was wearing blue jeans.

The defendant asserted an alibi defense and presented two (2) witnesses to support his claim that he was elsewhere at the time of the crime. One of these witnesses, Lorenzo Johnson, the twenty (20) year old nephew of the defendant, testified on direct examination that he was with the defendant during the pertinent times on February 9, but his testimony was considerably discredited when he testified on cross-examination that he thought the crime occurred on February 24. The defendant's other alibi witness, Henry Jones, testified that he and another companion had been with the defendant at places other than the scene of

the crime during the late afternoon and early evening of February 9, 1981. Jones admitted that he was present at the scene of the defendant's arrest but did not inform Officer Wagoner that he had the "wrong man."

■ The jury was well entitled, on the basis of the evidence, to reject the defendant's alibi defense. The defense of alibi presents an issue of fact determinable by the jury, as the exclusive judges of the credibility of the witnesses in support of that defense, and of the weight to be given their testimony. *Green v. State*, 512 S.W.2d 641 (Tenn.Cr.App.1974). Likewise, the identification of a defendant as the person who has committed the crime for which he is on trial is a question of fact for the determination of the jury. *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150 (1965); *Shye v. State*, 506 S.W.2d 169 (Tenn.Cr.App. 1973). Because of Mrs. Payne's prior acquaintance with the defendant, the jury was clearly warranted in concluding that her identification of the defendant was reliable.

■ We find the evidence to be sufficient to support the jury's verdict finding the defendant guilty beyond a reasonable doubt. *T.R.A.P.* 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The defendant's remaining issue concerns the cross-examination of his alibi witness, Henry Jones. He argues that his constitutional right to remain silent was violated when Jones was asked why he had not divulged to the police his alibi information during the investigative phase of the case rather than waiting until trial to relate it. The defendant says this line of inquiry served to shift the burden of proof to him. We disagree.

As authorities for his position, the defendant relies on *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), *Braden v. State*, 534 S.W.2d 657 (Tenn. 1976), and *United States ex rel. Smith v. Rowe*, 618 F.2d 1204 (7th Cir. 1980). The *Doyle* and *Braden* cases are inapplicable to

the present case because they were concerned with the use of a defendant's post-arrest silence for impeachment purposes. Those cases did not concern the use of a mere witness's silence for impeachment purposes. The defendant argues that the case of *United States ex rel. Smith v. Rowe, supra,* is akin to the present case in that it dealt with the issue of an improper comment by the prosecuting attorney about a witness's silence regarding that defendant's alibi. However, *Rowe, supra,* is no longer of any significance because the United States Supreme Court has vacated the judgment and remanded the case to the Seventh Circuit for further consideration in light of *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980). *See Franzen, et al. v. Smith,* 449 U.S. 810, 101 S.Ct. 57, 66 L.Ed.2d 13 (1980), *vacating United States ex rel. Smith v. Rowe, supra.*

In *Jenkins v. Anderson, supra,* the court held that the use of a defendant's prearrest silence to impeach his credibility does not violate the constitution. In so holding, the Jenkins Court, citing 3A *Wigmore, Evidence* § 1042, at 1056 (Chadbourne rev. 1970), made this comment which is applicable to the present case:

> Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted. 100 S.Ct. at 2129.

 Alibi evidence is not to be regarded as an affirmative defense, or indeed as a separate defense at all, but simply as a type of evidence offered in behalf of an accused. *Christian v. State,* 555 S.W.2d 863 (Tenn. 1971). It should be considered along with all other evidence and weighed under the same general rules as other evidence. *Id.* It therefore follows that the credibility of an alibi witness can be attacked on cross-examination in the same way as any other witness's testimony. The scope of cross-examination is a matter with the discretion of the trial judge, and he will not be reversed on appeal absent an abuse of that discretion. *Edwards v. State,* 221 Tenn. 60, 424 S.W.2d 783 (1968).

 In the present case, the failure of Jones to volunteer information which could serve to exonerate the defendant was relevant and an appropriate subject for impeachment of his credibility. This is particularly true when it is considered that Jones was on the scene at the time of the defendant's arrest, yet did not inform the arresting officer of his alleged knowledge of the defendant's whereabouts at the time of the crime. Thus, his pretrial silence was a matter for the jury to consider and weigh in their evaluation of his credibility.

 The cross-examination of Jones did not serve to shift any burden of proof to the defendant, nor did it in any other way operate to deprive the defendant of any of his constitutional rights.

The judgment is affirmed.

DWYER and CORNELIUS, JJ., concur.