IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. SCOTTY E. MURPHY

**Direct Appeal from the Criminal Court for Hardin County**
**No. 7799   C. Creed McGinley, Judge**

_____

**No. W1999-00728-CCA-R3-CD - Decided June 30, 2000**

_____

The defendant appeals his convictions by a Hardin County jury of violating the Habitual Motor Vehicle Offender Act, felony evading arrest, felony reckless endangerment, and reckless driving. The defendant now contends that the evidence was insufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was the individual who committed these offenses. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which TIPTON and GLENN, JJ. joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant District Public Defender, Savannah, Tennessee, for the appellant, Scotty E. Murphy.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On August 22, 1997, at 5:20 p.m. an officer with the Tennessee Highway Patrol met a small black truck that was speeding. The officer turned his blue lights on prior to passing the truck on the road. The officer stopped, made a u-turn and proceeded to go after the truck. The officer saw soot being expelled from the exhaust pipe of the truck as the defendant accelerated tying to evade arrest. During the chase the officer clocked the defendant in excess of 100 miles per hour. As the defendant continued to try to evade arrest, he passed several vehicles and nearly collided head-on with a vehicle in the oncoming lane. The driver of the vehicle in the oncoming lane was forced to drive off the road to avoid the collision.

At the end of the chase the defendant pulled into the driveway of a friend's house, at which point the officer was only about two car lengths behind him. The defendant then jumped out of his vehicle and immediately ran toward the woods. After the officer got out of his patrol car, and before the defendant disappeared into the woods, the defendant turned and looked directly at the officer. The officer knew the defendant from a prior arrest and immediately identified him as the driver of the truck. After the defendant fled into the woods, the officer looked inside the abandoned truck. In the truck the officer found some unopened mail addressed to the defendant. The defendant was subsequently arrested.

## ANALYSIS

The defendant contends that the evidence is insufficient to support his convictions. Specifically, the defendant contends that the evidence does not prove beyond a reasonable doubt that he was the driver of the car. We disagree.

A.     Standard of Review

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

B.     Sufficiency of the Evidence

During trial the defendant raised as his sole defense the issue of identity. At trial an officer testified that he saw the defendant when the defendant passed him on the road and again when the chase ended in the driveway of a friend's house. The officer testified that he clearly identified the defendant when the chase ended, prior to him fleeing into the woods. The officer testified that he knew the defendant because he had arrested him on a prior occasion. The officer also testified that after he identified the defendant as the driver of the truck, he looked inside the truck and found unopened mail addressed to the defendant.

The defendant testified he was in Memphis working that at the time the offenses were

committed. The defendant introduced into evidence a motel receipt from Memphis. However, it does not establish the defendant's actual presence in Memphis on the night in question. Additionally, testimony from the defendant's ex-girlfriend was presented in support of his alibi. However, the defendant's ex-girlfriend testified that she could not remember specific dates that they were in Memphis.

The question of identity is a question of fact left to the trier of fact to resolve. State v. Crawford, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982). Sufficient evidence was presented at trial for a rational trier of fact to conclude that the defendant was the driver of the truck.

## CONCLUSION

Based upon our review of the trial record, the judgment of the trial court is affirmed.