# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
July, 2000 Session

## STATE OF TENNESSEE v. SHAWN DONTAY BEARD

**Direct Appeal from the Circuit Court for Warren County**
**No. F-7264     Charles Haston, Judge**

---

**No. M1997-00114-CCA-R3-CD - Filed September 8, 2000**

---

The Defendant, Shawn Dontay Beard, appeals as of right following his conviction in the Warren County Circuit Court. Defendant was convicted by a jury for sale of a Schedule II controlled substance, cocaine, in an amount of less than point five (0.5) grams within one thousand feet of school grounds. Defendant argues there was insufficient evidence regarding his identity to support his conviction. He further challenges the length of his sentence on the grounds that the State raised the felony classification of his offense pursuant to the Drug-Free School Zone Act but failed to provide the Defendant with notice of enhancement. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Billy K. Tollison, III, McMinnville, Tennessee (on appeal) and Robert Peters, Winchester, Tennessee (at trial) for the appellant, Shawn Dontay Beard.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William M. Locke, District Attorney General; and Thomas J. Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant Shawn Dontay Beard pled not guilty in the Warren County Circuit Court to felony sale of 0.4 grams Schedule II controlled substance, cocaine, within one thousand feet of school grounds. Sale of cocaine in an amount less than 0.5 grams is a Class C felony. However, pursuant to the Drug-Free School Zone Act, it is punished one classification higher when the sale of drugs occurs on the grounds or facilities of any school or within one thousand feet of the real property that comprises a public or private elementary school, middle school, or secondary school. Defendant

proceeded to jury trial and was convicted as charged. After a sentencing hearing, the trial court sentenced Defendant as a standard Range I offender to a term of twelve years and a fine in the amount of twenty thousand dollars. Defendant raises the following issues in his appeal: (1) whether the trial court erred by not granting Defendant's motion for acquittal or motion for a new trial due to insufficient evidence regarding his identity; and (2) whether the trial court erred when it imposed a sentence based on a Class B felony instead of a Class C felony when the State did not give the Defendant ten days notice of its intent to seek an increase in sentence based upon the higher felony classification mandated by the Drug-Free School Zone Act, T.C.A. 39-17-432(b). After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

Officer Bobby Edwards of the Warren County Sheriff's Department testified that he participated in an undercover drug investigation in April 1996 during which the police employed an informant for the purpose of purchasing drugs. Edwards testified that he searched the car and person of the informant for narcotics prior to the informant's meeting with the Defendant and that he found nothing. After searching the informant, Edwards witnessed the installation of a video camera and audio recording equipment in the informant's car by Officer McGinnis. The officers followed the informant to the place where the informant met with the Defendant and waited until the transaction was completed, then followed the informant as he returned to the designated meeting place. Although the officers could not visually observe the informant at all times, they monitored the informant's entire journey by audio transmission and recorded his transaction with the Defendant on videotape.

Officer Edwards testified that immediately after the informant's meeting with the Defendant, he reviewed the videotape and was able to identify both the voice and physical appearance of the Defendant on the tape. From the videotape, Edwards also determined that the transaction occurred at an Exxon station across from the Bobby Ray Elementary School and that the distance from the school to the place where the Defendant and the informant met was less than three hundred feet. The informant handed Officer McGinnis what appeared to be narcotics in the form of little brown rocks during the meeting with the officers after his transaction with the Defendant.

Officer Marty McGinnis of the Warren County Sheriff's Department testified that he was the second officer participating in the undercover drug investigation involving the Defendant. Officer McGinnis witnessed officer Edward's search of the informant's car and person, after which McGinnis installed audio and video surveillance equipment in the informant's car. Afterward, McGinnis and Edwards followed the informant until his meeting with the Defendant was completed. Later the informant met with the officers again and handed McGinnis some small white-brown colored rocks. McGinnis placed the rocks in an envelope, then sealed and initialed the substance for use as evidence during trial.

Michael Watkins, the informant, testified that he was employed by the Warren County Sheriff's Department as an undercover agent to purchase crack cocaine. Watkins has worked for

other law enforcement agencies in an undercover capacity as well and for a period of approximately nineteen years. Watkins testified that after he and his vehicle were searched by officer Edwards, surveillance equipment was installed in his car. Watkins then drove to the place where he met with the Defendant. When he arrived, Watkins was instructed by someone (whose identity is unknown from the record) to drive across the street to an Exxon service station where Watkins was approached by the Defendant. Watkins testified that the Defendant sold him some crack cocaine for sixty dollars which Watkins immediately turned over to Officer McGinnis when he met with the officers afterward. After Watkins reviewed the officers' videotape of the transaction between himself and the Defendant, he confirmed that the tape was an accurate representation of what happened.

The prosecutor and defense attorneys stipulated at trial that David Brown, Special Agent of the Tennessee Bureau of Investigation, conducted a chemical analysis of the substance that Officer McGinnis received from the informant and that this evidence was point four (0.4) grams of a cocaine based substance which is a Schedule II controlled drug.

## II. ANALYSIS

A. *Sufficiency of the Evidence*

Defendant contends that the evidence was insufficient to sustain a conviction because the State failed to establish beyond a reasonable doubt that the Defendant engaged in the conduct alleged in the indictment. Specifically, the Defendant claims that the prosecution's witnesses failed to make a courtroom identification of the Defendant. Because of this, the Defendant argues that the trial court erred by not granting Defendant's motion for acquittal or motion for a new trial on the grounds of insufficient evidence regarding his identity. We disagree.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Id. Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Before a defendant can be convicted, the State of Tennessee is required to prove that he was the person who committed the crime in question. State v. Andre Deshun Goss, No. 02C01-9809-CC-00294, 1999 WL 360162, at *2, Obion County (Tenn. Crim. App., Jackson, June 3, 1999) perm. to appeal denied (Tenn. 1999) (citing White v. State, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975)). The identity of defendants is a question of fact solely for the jury. State v. Phillips, 728 S.W.2d 21, 25 (Tenn. Crim. App. 1986) (citing State v. Crawford, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982) (no error where witness' testimony referred to appellants by name; appellants' identity could reasonably be determined or inferred by the jury)). Whether the State carried its burden of proof that the defendant committed the crime in question is a question of fact for the determination of the jury after consideration of the proof submitted at the trial. Goss, No. 02C01-9809-CC-00294, 1999 WL 360162, at *2 (citing White v. State, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975)). A courtroom identification is not a prerequisite to convict a defendant of a criminal offense. Id. (citing State v. Danny R. Morris, No. 01C01-9506-CC-00206, 1996 WL 233989 at *2, Humphreys County (Tenn. Crim. App., Nashville, May 9, 1996) perm. to appeal denied (Tenn. 1996).

Defendant argues that because the State's witnesses failed to identify the Defendant in-court as the person who sold Watkins the crack cocaine, referring instead to the Defendant in the third-person as "the Defendant" and "the Defendant, Beard," the State failed to prove the specific identity of the Defendant as the person who sold the narcotics to Watkins. However, Watkins clearly stated in his testimony that the individual who sold him the crack cocaine was the Defendant, Shawn Beard: in response to the question, "[h]ave you reviewed the tape of the purchase that was made in this case between yourself and the Defendant, Beard?" Watkins answered affirmatively. Watkins further testified that the videotape was an accurate representation of what happened on the day that he met with the Defendant. Moreover, Officer Edwards positively identified both the voice and the physical appearance of the individual appearing on the video and sound tapes with the informant as those of the Defendant whom he had met on another occasion. Based on the testimonies of Watkins and Officer Edwards, there was sufficient evidence whereby a rational trier of fact could determine that the Defendant, Shawn Beard, was the perpetrator of this offense beyond a reasonable doubt. The Defendant is not entitled to relief on this issue.

B. *Sentencing*

Defendant contends that the trial court erred when it imposed a sentence based on a Class B felony instead of a Class C felony because the State did not give the Defendant a ten-day notice of its intent to seek an enhanced sentence. Defendant argues that because the State failed to give the Defendant proper notice, his sentence should be reduced to a term consistent with a Class C felony, Range I offender. We disagree.

The Drug-Free School Zone Act, specifically T.C.A. § 39-17-432(b), provides that a violation of section 39-17-417 shall be punished one classification higher than provided in the statute when the drug offense is committed within one thousand feet of elementary, middle, or secondary school premises. Defendant's brief challenges his enhanced sentence as excessive on the ground that the

State did not comply with a ten-day notice requirement set forth in section 39-17-432(g). Defendant's interpretation of the statute is incorrect.

Tenn. Code Ann. section 39-17-432(g) states: "[t]he sentence of a defendant who, as the result of a single act, violates both subsection (b) and § 39-17-417(k), may only be enhanced one (1) time under such sections for each act." This subsection requires the state to elect under which section it intends to seek enhancement of the defendant's sentence and then provide notice to the defendant. The "notice" requirement in section 39-17-432(g) is not required, however, unless there is proof that the Defendant violated both subsection 39-17-432(b) and subsection 39-17-417(k). To violate subsection (k), the recipient or the intended recipient of the controlled substance must be under eighteen (18) years of age. Since there is no proof that Defendant violated subsection (k) (the "recipient," the informant in this case, testified that he has worked as an undercover agent for "about nineteen years"), section 39-17-417(g) does not apply. Defendant is not entitled to relief on this issue.

## III. CONCLUSION

For the above reasons we AFFIRM the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE