IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2010

## STATE OF TENNESSEE v. TYRICK LALORD MCINTOSH

**Direct Appeal from the Circuit Court for Madison County**
**No. 09-651    Roger Page, Judge**

_____

**No. W2010-00789-CCA-R3-CD - Filed November 24, 2010**
_____

A Madison County jury convicted the defendant, Tyrick Lalord McIntosh, of aggravated burglary, a Class C felony.  The trial court sentenced the defendant as a Range I standard offender to six years at 30% in the Tennessee Department of Correction.  On appeal, the defendant contends that the evidence was insufficient to support his conviction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Clifford K. McGown, Jr. (on appeal), Waverly, Tennessee; George Morton Googe, District Public Defender; Paul E. Myers, Assistant Public Defender, Jackson, Tennessee, for the appellant, Tyrick Lalord McIntosh.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Background

In October 2009, a Madison County grand jury indicted the defendant, Tyrick McIntosh, for aggravated burglary, a Class C felony. The Madison County Circuit Court held a jury trial on January 21, 2010.

At the trial, the victim, Russell Morris, testified that he returned to his home after work on June 11, 2009 to find his front door broken. Upon entering his home, he discovered an individual he identified as the defendant exiting his bedroom. Mr. Morris asked the defendant what he was doing in his bedroom. The defendant declined to respond and attempted to flee. Mr. Morris chased the defendant and grappled with him for some time, eventually ending up outside in the yard. Mr. Morris yelled for help and his neighbor, Anna Reeves, saw the altercation and called the police. Mr. Morris discovered about $1,800.00 in property missing from his home, as well as damage to his door and damage to his computer. None of his stolen property was recovered. Mr. Morris was unable to pick out the defendant's photograph from a lineup. However, he identified the defendant in court as the individual he tussled with in his home.

Anna Reeves, Mr. Morris' neighbor, testified that she saw the defendant in the neighborhood prior to the crime, but did not know him personally. When Ms. Reeves saw Mr. Morris and the defendant fighting, she was able to identify the defendant as the man she saw earlier in the neighborhood. After the defendant fled, Ms. Reeves drove around the neighborhood looking for him, found him, and called the police. Ms. Reeves viewed nearly two hundred photographs before picking out the defendant's photo as the man she saw fighting with Mr. Morris.

Officer Michael Byrum testified that he took photographs of the crime scene. Officer Byrum also testified that he secured a black and white hat, which the defendant lost when he was wrestling with Mr. Morris. The hat was not subjected to any DNA examination because the Tennessee Bureau of Investigation crime lab was backlogged on DNA.

## Analysis

On appeal, the defendant challenges the sufficiency of the evidence to support his conviction for aggravated burglary. Specifically, he argues that (1) because the state did not perform DNA testing on the hat found at the scene of the burglary, reasonable doubt exists as to the defendant's guilt, and (2) the victim's inability to identify the defendant from the photographic lineup created a reasonable doubt as to the defendant's guilt.

Our review begins with the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this court why the evidence will not support the jury's verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003); Tenn. R. App. P. 13(e). In contrast, the jury's verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *Carruthers*, 35 S.W.3d at 558; *Tuggle*, 639 S.W.2d at 914. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. *State v. Reid*, 91 S.W.3d 247,277 (Tenn. 2002); *Bland*, 958 S.W.2d at 659. Likewise, we do not replace the jury's inferences drawn from the circumstantial evidence with our own inferences. *See State v. Elkins*, 102 S.W.3d 581, 582 (Tenn. 2003); *Reid*, 91 S.W.3d at 277.

Viewed in the light most favorable to the state, the evidence showed that the defendant was the person who forced his way into Mr. Morris' house and tussled with Mr. Morris in an attempt to escape. The jury accredited the witnesses' testimony that the defendant was, in fact, the individual who burglarized Mr. Morris' home. The jury resolves questions of fact regarding the identification of the defendant as the person who committed the crime for which he is on trial. *State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993) (citing *State v. Crawford*, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982)). A victim's testimony alone is sufficient to establish identity. *State v. Williams*, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981). "Inconsistency, inaccuracy and omissions in the description of a defendant by a witness who is otherwise able to positively identify the defendant are questions for the jury in determining the weight to be given the testimony." *State v. Radley*, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999). This court will not alter a jury verdict unless the inaccuracies or inconsistencies are so improbable or unsatisfactory that they create reasonable doubt as to the defendant's guilt. *Id*. By returning a guilty verdict, the jury in this case accredited the witnesses testimony and concluded that the defendant was indeed the person who committed the crime. The victim's testimony was not so unsatisfactory or improbable as to create a reasonable doubt as to the defendant's guilt. The jury resolved this issue in favor of the state, and this court is not free to re-evaluate the question. *See Reid*, 91 S.W.3d at 277; *Bland*, 958 S.W.2d at 659. We conclude that a rational jury could find that the defendant was the one who burglarized Mr. Morris' home beyond a reasonable doubt; therefore, the defendant's argument is without merit.

## Conclusion

Based on the foregoing, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE