IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2016

**STATE OF TENNESSEE v. HAROLD SMITH**

**Appeal from the Criminal Court for Shelby County**
**No. 13-05250        James C. Beasley, Jr., Judge**
_____

**No. W2015-02229-CCA-R3-CD  -  Filed October 21, 2016**
_____

A Shelby County jury convicted the Defendant, Harold Smith, of reckless aggravated assault, vandalism over $1,000, and attempted theft of property over $1,000.  The Defendant received an effective sentence of twelve years as a career offender at sixty-five percent.  On appeal, the Defendant asserts that the evidence is insufficient to support the convictions. After a thorough review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

James E. Thomas (on appeal) and Jennifer Johnson Mitchell (at trial), Memphis, Tennessee, for the appellant, Harold Smith.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stacy McEndree and Stephen Ragland, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The victim, Kathy Wade, owned a rental house in Memphis, Tennessee.  Ms. Wade testified that she arrived at the rental house on the day of the offenses to prepare

for a new tenant with the help of her daughter, Chelsea Johnson, and two of her nieces. Upon their arrival, Ms. Wade noticed an unfamiliar vehicle parked in the driveway. She stated that as she exited her vehicle, two men wearing skull caps and jackets came out of the backyard and "jumped into the [unfamiliar] car." The driver of the vehicle then struck Ms. Wade as he was reversing out of the driveway, and she fell to the ground. Despite stepping in front of the vehicle to try to prevent the vehicle from leaving, Ms. Johnson was able to avoid being struck by the vehicle.

Ms. Wade testified that about three or four minutes transpired from the moment she arrived at the rental house to when she first saw the two men. During that time, she said she and Ms. Johnson were examining the vehicle and deciding whether to enter the backyard.

After being knocked over, Ms. Wade was able to get off the ground and went to the backyard from where the two men had come. She found the house's air conditioning unit sitting on top of the enclosure surrounding the unit, having been removed from the locked, metal enclosure. The wires for the unit were cut, as was the deadlock on the enclosure. Ms. Wade testified that the unit and backyard fence were damaged as a result of the incident, resulting in over $1,300 worth of damages.

Ms. Wade testified that a police officer later presented her with a photographic lineup display from which she was able to identify the Defendant. At trial, Ms. Wade identified the Defendant as one of the men who came from behind her rental house and entered the vehicle that struck her. She acknowledged, however, that she had not been able to identify the Defendant at the preliminary hearing.

Ms. Wade described that the vehicle in her driveway was a silver "truck looking car." She also identified photographs of the vehicle that struck her. She testified that her nieces remained in her vehicle and wrote down the getaway vehicle's license plate number. Ms. Johnson then called 911, and Ms. Wade provided the license plate number to the police upon their arrival.

Sergeant Charles Moore of the Memphis Police Department testified that the officers collected bolt cutters and "snippers" found at the scene. No fingerprints were identified from the items.

Sergeant Moore testified that the police sent out a "be on the lookout" alert for a silver Chevrolet HHR, which had been described as the vehicle involved in the incident. Several weeks after the incident, the Memphis Police Department received information regarding the location of a vehicle matching that description, and officers went to the scene to investigate. Upon arrival, they learned from two occupants of the vehicle that a

third occupant had fled the scene.  The officers also matched the license plate number of the vehicle with the one described to them by Ms. Wade and learned that the vehicle was registered to the Defendant's mother.  During the investigation, the third occupant, the Defendant, returned to the scene and told the officers that he was the driver of the vehicle.

Sergeant Moore testified that he contacted Ms. Wade to conduct a photographic lineup identification, which included a photograph of the Defendant.  Sergeant Moore stated that Ms. Wade "immediately" identified the Defendant from the lineup as the man who attempted to steal her air conditioning unit.  Following her identification, formal charges were filed against the Defendant for aggravated assault, vandalism, and attempted theft.

The jury found the Defendant guilty of reckless aggravated assault, vandalism of property valued more than $1,000 but less than $10,000, and attempted theft of property valued more than $1,000 but less than $10,000.  The trial court sentenced the Defendant as a career offender to concurrent sentences of twelve years for the reckless aggravated assault conviction; twelve years for the vandalism over $1,000 conviction; and six years for the criminal attempt to commit theft over $1,000 conviction, for an effective sentence of twelve years.

## ANALYSIS

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt."  Tenn. R. App. P. 13(e).  The appellate court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  This standard of review is the same regardless of whether the conviction is predicated on direct or circumstantial evidence, or a combination of both.  *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2001).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence.  *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004).  Instead, this court affords the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences that may be drawn from that evidence.  *State v. Elkins,* 102 S.W.3d 578, 581 (Tenn. 2003).  "A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." *State v. Bland,* 958 S.W.2d 651, 659 (Tenn. 1997).  The conviction replaces the presumption of innocence with a

presumption of guilt, and the accused has the burden of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

As it relates to this case, a person commits aggravated assault who recklessly causes bodily injury to another, and the assault "involved the use or display of a deadly weapon." T.C.A. §§ 39-13-101(a)(1); 102(a)(1)(B)(ii) (Supp. 2012). A person commits the offense of vandalism who "knowingly [c]auses damage to or the destruction of any real or personal property of another … knowing that the person does not have the owner's effective consent." *Id.* § 39-14-408(b)(1) (2010). Vandalism is a class D felony where the damage is $1,000 or more but less than $10,000. *Id*. §§ 39-14-105(a)(3), -408(c)(1) (2010). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." *Id.* § 39-14-103(a). Criminal attempt is when a person "[a]cts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense." *Id.*§ 39-12-101(a)(3). Criminal attempted theft of property is a class E felony where the value of the property is $1,000 or more but less than $10,000. *Id.*§39-12-107(a); § 39-14-105(a)(3).

The Defendant does not challenge whether the State proved the elements of the offenses, but only challenges the sufficiency of the evidence regarding his identity as the perpetrator. The Defendant argues that the evidence relating to his identity as the perpetrator was not credible and, thus, insufficient to establish his guilt. The identity of the perpetrator "is an essential element of any crime." *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006). Identity "may be established solely on the basis of circumstantial evidence." *State v. Lewter*, 313 S.W.3d 745, 748 (Tenn. 2010). The issue of identity is a question of fact left to the jury as the trier of fact to resolve. *State v. Crawford*, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982).

In the present case, Ms. Wade identified the Defendant as one of the perpetrators in a photographic lineup and at trial. Although Ms. Wade was unable to identify the Defendant as one of the perpetrators during the preliminary hearing, the jury chose to credit Ms. Wade's testimony at trial that the Defendant was one of the men who fled in a vehicle from her rental home, knocking her down in the process. This decision was within the province of the jury as the finder of fact, and we will not reweigh or reevaluate the evidence on appeal. *See Bland*, 958 S.W.2d at 659. Furthermore, the vehicle that fled the scene was registered to the Defendant's mother, and the evidence presented at trial established that the Defendant had access to the vehicle and had driven it on another

occasion. After viewing the evidence in the light most favorable to the State, the evidence is sufficient to establish the Defendant's identity as the perpetrator.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE