IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

**STATE OF TENNESSEE v. JUSTIN RAY LANE**

**Appeal from the Criminal Court for Sullivan County
No. S62750   R. Jerry Beck, Judge**

_____

**No. E2016-01756-CCA-R3-CD**

_____

A Sullivan County jury convicted the defendant, Justin Ray Lane, of four separate felony offenses for his participation in a controlled drug buy of heroin and cocaine within one thousand feet of a school. On appeal, the defendant challenges the sufficiency of the evidence supporting his convictions arguing the State failed to prove he authored the text messages which established the details of the illegal transaction. Additionally, and for the same reason, the defendant argues photographs of the text messages establishing the drug deal were not properly authenticated at trial. Finally, the defendant contends the trial court prejudiced the jury by including the preamble to the Drug-Free School Zone Act in its charge. After reviewing the record, submissions of the parties, and pertinent authorities, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Stephen M. Wallace, District Public Defender; Andrew J. Gibbons, Assistant District Public Defender (on appeal); Kyle D. Vaughn, Kingsport, Tennessee (at trial), for the appellant, Justin Ray Lane.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Josh D. Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case arises out of a controlled drug buy that occurred between the defendant and Detective Daniel Lane of the Kingsport Police Department. As a result of the illegal transaction, the defendant was indicted for one count of the sale of heroin within one thousand feet of a school, one count of the delivery of heroin within one thousand feet of a school, one count of the sale of cocaine within one thousand feet of a school, and one count of the delivery of cocaine within one thousand feet of a school, all in violation of Tennessee Code Annotated sections 39-17-417 and 39-17-432.[1]

At trial, the evidence revealed that on October 18, 2012, in order to set up the controlled drug buy, Detective Lane initiated a series of text messages from a Kingsport Police Department cell phone to cell phone number (xxx) xxx-4949 ("the 4949 number"). Detective Lane obtained the 4949 number through an independent drug investigation prior to sending the first text message. The text message exchange established the time, location, and substance of the controlled drug buy, as follows:

| [Detective Lane]: | Hey, would u be able to do 2 h and 1 white around [9:30?] |
|---|---|
| [4949]: | Yea[.] |
| [Detective Lane]: | Cool where u want to meet[?] |
| [4949]: | U will have to come to me[.] |
| [4949]: | How much white? |
| [Detective Lane]: | Where r u gon[n]a be and $50 white. |
| [4949]: | In [L]ee is where [I'm] gonna be. |
| [4949]: | Just call me before u come. |

Detective Lane knew "Lee" to be the Lee Apartments in Kingsport, Tennessee. He also explained that "2 h" and "$50 white" amounted to $130 worth of heroin, "h," and cocaine, "white." After establishing the parameters of the controlled buy, Detective Lane proceeded to the Lee Apartments in order to complete the transaction. He wore audio

---

[1]In the same indictment, the defendant was also charged with two counts of the sale of over 0.5 grams of cocaine and one count of the sale of a counterfeit controlled substance for acts occurring on October 30, 2012. However, prior to trial, the defendant entered a blind plea for the October 30, 2012 offenses.

and visual recording equipment and was followed by a surveillance team from the Kingsport Police Department.

As Detective Lane neared the Lee Apartments, he called the 4949 number as instructed in the text messages. A male voice answered and directed him to a designated apartment. Detective Lane described the exchange, as follows: "I went to the door of Apartment 1-12. I knocked on the door. A white male came to the door. He just barely opened the screen door. I handed the male the money; [he] handed me a package. . . . and then I left." Detective Lane testified that he gave the defendant $130 of previously photocopied money. In return, the defendant supplied him with "two bindles of heroin and a certain amount of powder cocaine." Detective Lane did not see anyone other than the defendant in Apartment #1-12 during the transaction.

During Detective Lane's testimony, the State introduced the video taken by Detective Lane during the controlled buy. Though the video failed to capture the actual exchange, it did show the defendant's face during the transaction. The State also introduced, over defense objection, photographs of the text message exchange between Detective Lane and the 4949 number which generated the controlled drug buy.

Sergeant Gerald Hurd of the Kingsport Police Department monitored the controlled buy between Detective Lane and the defendant over audio wire while providing backup to Detective Lane. Though he could not see the exchange from his position near the Lee Apartments, Sergeant Hurd testified that Cora Cox Academy is "directly across" the street from the apartment complex.

Jeff Kendrick, evidence custodian at the Kingsport Police Department, transported the evidence obtained from the controlled buy with the defendant to the Tennessee Bureau of Investigation for testing. Agent Carl Smith, an expert in forensic chemistry with a specialty in drug identification, tested the substances obtained from the controlled buy. He explained that the substances tested positive for .23 grams of cocaine and .12 grams of heroin.

Steven Starnes of the Geographic Information Systems Department for the City of Kingsport created a map which illustrated a one thousand feet school zone buffer around Cora Cox Academy. According to Mr. Starnes, a buffer is simply "a graphical representation of a thousand feet from any point." He identified on the map the location of the Lee Apartments in relation to Cora Cox Academy and testified that the Lee Apartments are located within one thousand feet of Cora Cox Academy. After Mr. Starnes testified, the State recalled Detective Lane who also identified the specific location of the controlled drug buy at the Lee Apartments which fell within the one thousand foot school zone buffer as displayed on the map.

The Director of Student Services for Kingsport City Schools, Elaine Minton, testified that Cora Cox Academy is located at 520 Myrtle Street and serves students in the sixth through the twelfth grades. Ms. Minton stated Cora Cox Academy was being used as a school on October 18, 2012.

According to the appellate record, the defense did not present any proof. The jury convicted the defendant of all four counts as charged in the indictment for his participation in the controlled drug buy with Detective Lane on October 18, 2012. The trial court sentenced the defendant as a Range I offender to an effective fifteen-year sentence to be served at one hundred percent for the four convictions.[2] The trial court denied the defendant's motion for a new trial and this appeal followed.

## ANALYSIS

On appeal, the defendant challenges the sufficiency of the evidence arguing the State failed to prove he was the author of the text messages that led to the controlled drug buy. The defendant also argues the trial court erred in allowing photographs of the text messages into evidence stating they were not properly authenticated at trial. Finally, the defendant asserts he was prejudiced by the trial court's inclusion of the preamble to the Drug-Free School Zone Act in its charge to the jury. The State contends sufficient evidence exists to support the defendant's convictions, the photographs were properly authenticated, and the trial court did not err by including the preamble to the Drug-Free School Zone Act in its jury charge. Discerning no error, we agree with the State and affirm the judgments of the trial court.

Initially, we address the defendant's claim that the trial court erred in admitting into evidence the photographs of the text messages between Detective Lane and the 4949 number. He argues that the photographs should have been excluded because the State failed to properly authenticate them. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to the court to support a finding by the trier of fact that the matter in question is what its proponent claims." Tenn. R. Evid. 901(a). Authentication can occur through testimony of a witness with knowledge "that a matter is what it is claimed to be" or through details such as "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Tenn. R. Evid. 901(b)(1), (b)(4).

---

[2]The trial court ran all of the defendant's sentences concurrently to one another, including an effective eight-year sentence imposed for the convictions pursuant to the blind plea agreement entered into before trial.

Here, the photographs were properly authenticated by Detective Lane, a participant in the controlled drug buy, who testified that the drug deal materialized as planned in the text messages with the 4949 number. At trial, Detective Lane identified the cell phone seen in the photographs as the "cell phone of the Kingsport Police Department" he used to text the 4949 number. He further stated the photographs accurately depicted the text messages between him and the 4949 number. The defendant did not provide any evidence to dispute Detective Lane's testimony. Accordingly, we conclude the trial court did not abuse its discretion when it admitted the photographs of the text message conversation between Detective Lane and the 4949 number into evidence. The defendant is not entitled to relief.

The defendant also briefly argues the photographs of the text messages were not relevant and, thus, were inadmissible at trial. We disagree. Relevant evidence is simply "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. As discussed in greater detail in addressing the defendant's sufficiency claims, it is clear that the text messages established the parameters of the controlled drug buy upon which the defendant was convicted. The text messages were relevant to the defendant's trial and this issue is without merit.

Next, the defendant contests the sufficiency of the evidence upon which his convictions are based arguing the verdict was contrary to the law and the evidence, the trial court erred in denying his motion for judgment of acquittal, and the evidence produced at trial was insufficient to support his convictions. Despite the defendant's varied approach to these issues, when the sufficiency of the evidence is challenged, the relevant question for this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans*, 838 S.W.2d 185, 190-92 (Tenn. 1992); *State v. Anderson*, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992); *see also State v. Little*, 402 S.W.3d 202, 211 (Tenn. 2013) ("The standard by which the trial court determines a motion for a judgment of acquittal is, in essence, the same standard that applies on appeal in determining the sufficiency of the evidence after a conviction."). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *See State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Accordingly, "[a] guilty verdict by the jury, approved by the trial judge, accredits the

testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973).

Our Supreme Court has stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State*, 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). This Court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id.*

As charged in the indictment, "it is an offense to knowingly" sell or deliver heroin, a Schedule I controlled substance, or cocaine, a Schedule II controlled substance. Tenn. Code Ann. §§ 39-17-406, -408, -417. If the sale or delivery of a controlled substance is

committed within one thousand feet of a school, a defendant has violated the Drug-Free School Zone Act and is subject to enhanced sentencing. Tenn. Code Ann. § 39-17-432.

Here, the defendant argues that the evidence is insufficient to establish his participation in the controlled drug buy because Detective Lane "could not identify the [defendant] as the person he had communicated with via text message and telephone conversation." However, Detective Lane testified that he engaged in a text message conversation with the 4949 number wherein he sought to purchase heroin and cocaine from the recipient of the texts. After setting up the controlled drug buy at 9:30 p.m. at the Lee Apartments, the holder of the 4949 number instructed Detective Lane to call him when he arrived at the apartment complex. Detective Lane complied and the male voice that answered the 4949 number directed Detective Lane to a specific apartment. Once Detective Lane arrived at the apartment, the defendant opened the door and gave him a package containing heroin and cocaine in exchange for $130. Detective Lane captured the defendant's face on video during the transaction, and the video was presented to the jury at trial. Though Detective Lane testified he did not know who actually sent the text messages from the 4949 number, after complying with the details of the texts, he purchased heroin and cocaine from the defendant. By way of its verdict, it is clear that the jury found the defendant was the author of the text messages and, thus, the seller/deliverer of the drugs based upon the circumstantial evidence provided by the State regarding the drug deal. *See State v. Crawford*, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982) (citations omitted) ("[T]he identification of a defendant as the person who has committed the crime for which he is on trial is a question of fact for the determination of the jury."); *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006) (citations omitted) ("Sufficient proof of the perpetrator's identity may be established through circumstantial evidence alone."). As such, sufficient evidence exists in the record to support the defendant's convictions.

Finally, the defendant argues that the trial court erred in instructing the jury with regard to the Drug-Free School Zone Act. Tenn. Code Ann. § 39-17-432. "It is well-settled in Tennessee that a defendant has a right to a correct and complete charge of the law so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Farner*, 66 S.W.3d 188, 204 (Tenn. 2001) (citing *State v. Garrison*, 40 S.W.3d 426, 432 (Tenn. 2000); *State v. Teel*, 793 S.W.2d 236, 249 (Tenn. 1990)). Accordingly, trial courts have a duty to give "a complete charge of the law applicable to the facts of the case." *State v. Davenport*, 973 S.W.2d 283, 287 (Tenn. Crim. App. 1998) (citing *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn. 1986)). An instruction will only be considered prejudicially erroneous if it fails to submit the legal issues fairly or misleads the jury as to the applicable law. *State v. Faulkner*, 154 S.W.3d 48, 58 (Tenn. 2005) (citing *State v. Vann*, 976 S.W.2d 93, 101 (Tenn. 1998)). We review

the sufficiency of jury instructions *de novo* with no presumption of correctness. *State v. Clark*, 452 S.W.3d 268, 295 (Tenn. 2014) (citations omitted).

The defendant asserts that "[i]ncluding the preamble to the [Drug-Free School Zone Act] in the instructions only served to inflame the passions and prejudice of the jury" by reiterating that the purpose of the act is to protect children. At trial, the trial court charged the jury with the following language:

> The purpose of the Drug-Free School Zone Act is to provide . . . students in the State of Tennessee an environment in which they can learn without detractions and dangers that are incident to illegal drug activity.

> As a result, it is not a defense that no children were present, that the school was not in session, that the drug transaction was between adults, nor is it a defense that the drug transaction . . . occurred in a private home. The Drug-Free School Zone Act is in effect 24 hours a day, seven days a week. The Drug-Free School Zone Act prohibits the illegal sale or delivery of drugs within a thousand feet of school property . . . that comprises a public or private elementary, middle, or secondary school.

In reviewing the jury instruction at issue here, we are unable to see how the above language prejudiced the defendant. An element of each offense for which the defendant was convicted included that the delivery and sale of the controlled substances occurred within one thousand feet of a school. It was undisputed at trial that the defendant sold Detective Lane heroin and cocaine within one thousand feet of Cora Cox Academy, a school for children in the sixth through twelfth grades. This Court has previously held that the above instruction "properly summarizes" the Drug-Free School Zone Act and the defendant has failed to explain how the instruction at issue prejudiced him. *State v. Steve Duclair*, No. E2012-02580-CCA-R3-CD, 2014 WL 1663152, at *10 (Tenn. Crim. App. Apr. 23, 2014). Accordingly, the defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing analysis, the judgments of the trial court are affirmed.

_____
J. ROSS DYER, JUDGE